# Snodgrass *versus* Gavit.

A stipulation in a contract by which the parties agree to refer all matters of dispute growing out of it, to the judgment of three arbitrators *mutually chosen*, to be available as a defence to an action by one of the parties on the contract, must be accompanied with proof that the party setting up the defence, offered to choose the arbitrators, and that the other refused to do so.

In the absence of such proof it will be presumed, that such indefinite submission was waived, and the parties left to their remedies by action.

Where parties stipulate that disputes actual or prospective shall be submitted to the arbitrament of a particular individual or tribunal, they are bound by their contract, and cannot seek redress elsewhere.

If a plaintiff has *substantially* performed his part of the agreement, he is entitled to recover upon it what is due to him.

ERROR to the District Court of *Philadelphia*.

28    221
148    92

28    221
169    357

28         221
24 SC ¹158
28        221
32 SC ⁴407

[Snodgrass *v.* Gavit.]

This was an action of *assumpsit*, brought by Nelson Gavit against Snodgrass, Reed & Co. On the 10th day of June, 1848, the parties entered into a written agreement by which the plaintiff agreed to furnish to the defendants the necessary fixtures and machinery for a paper-mill which they were about to build at New Alexandria, in Westmoreland county. The different parts of the machinery, with the kinds and sizes, were specified in the agreement. The plaintiff bound "himself to do all the above work in the best manner and composed of the best materials;" "and to have the whole work complete and put into operation on or before the 1st day of January, 1849." For which, the defendants agreed to pay him the sum of five thousand three hundred dollars, which was to cover all extra charges. There was also this stipulation: "When the work is completed and put into operation, it is to run one month on trial; and if at the expiration of that time it renders satisfaction and proves to be in every respect such as is described and specified in this agreement, then at the expiration of this time, the balance in full, due to the said Gavit, shall be paid by the said Snodgrass, Reed & Co., except the sum of one thousand dollars, for which the said firm are to give their note, payable six months after date, to the order of the said Nelson Gavit, at Philadelphia." The defendants, if the plaintiff required it, were to pay a proportion of the money as the work progressed, for which he was to give approved security. The agreement concluded with the following clause:—

"*If any difficulty or misunderstanding should arise between the parties relative to the machinery, or work in any way, they hereby mutually agree to submit such difficulty or misunderstanding to the judgment of three competent and disinterested individuals mutually chosen by the parties, whose decision shall be final and conclusive.* The said Gavit also binds himself to keep the said firm indemnified from all claims for patent rights on machinery."

The defendants proved payments to the plaintiff to the amount of $4248.28; and alleged that certain parts of the machinery agreed to be put up, had never been put in the mill by the plaintiff; and that certain portions of the work were constructed of inferior materials, and not in a workmanlike manner; and that especially the water-wheels were deficient in power. The plaintiff, on the other hand, maintained that the materials were good and the work well done; and alleged that he had substantially performed according to the contract, and if any omissions occurred they were unimportant, and had been waived by the defendants.

After the plaintiff's testimony was closed, the defendants' counsel moved for a nonsuit upon the grounds: 1. Because there was no proof that the disputes which had arisen had ever been sub-

[Snodgrass v. Gavit.]

mitted or offered to be submitted to arbitration; 2. Because the plaintiff, having proved the contract and claimed the whole contract price, had not proved an entire performance on his part.

This motion was refused by the judge who presided at the trial, and the points were reserved for the District Court in banc, in the following words:—

" 1. Whether the plaintiff can recover, there being no evidence that the case had been submitted to arbitration.  And,

" 2. Whether the plaintiff can recover, the evidence not showing an entire performance of the written contract in every particular, if there was a substantial performance of the same."

The jury found a verdict for the plaintiff for the sum of $1488.79.

The court in banc afterwards entered judgment for the plaintiff on the verdict, on the points reserved.

The defendants' counsel alleged in their paper-book, that the second reserved point was changed by the judge when the bill of exceptions was tendered, by adding thereto, " if there was a substantial performance of the same;" and that this sentence was not contained in the point as reserved at the trial.

Errors assigned:—1. The court below erred in giving judgment that the plaintiff could recover; there being no evidence that the case had been submitted to arbitration.

2. The court below erred in giving judgment that the plaintiff could recover; the evidence not showing an entire performance of the written contract in every particular, there being a substantial performance of the same.

*Marshall* and *Budd*, for plaintiff in error.—On the first point cited and relied on, the case of the Monongahela Navigation Company v. Fenlon, 4 *W. & S.* 205; and also cited 3 *W. & S.* 365; 5 *Barr* 499.

On the second point they cited Shaw v. The Turnpike Company, 2 *P. R.* 454; and 1 *W. & S.* 301; 5 *Id.* 382; 8 *Id.* 369; 10 *Barr* 232.  They also contended that in the cases where there was an alleged modification of the principle applied in Shaw v. Turnpike, the omissions and imperfections relied on in bar of the action were such as did not materially affect the usefulness of the subject-matter of the contract.  But that in this case the defects and omissions were substantial and important.

*G. C. Morris*, for defendant in error, contended that it is well settled that an agreement to arbitrate does not deprive courts, either of law or equity, of jurisdiction: Kill v. Hillaster, 1 *Wils.* 129; Thompson v. Charnock, 8 *T. R.* 139; Mitchell v. Harris,

2 *Ves. jr.* 129; Street *v.* Rigby, 6 *Id.* 815. In the cases of Navigation Company *v.* Fenlon, and McGheehan *v.* Duffield, 5 *Barr* 497, the parties *had agreed to refer to a particular person, and the award was made,* and that was held to be final. So in the case of Leebrick *v.* Lyter, 3 *W. & S.* 365, a particular person was designated to make the measurement.

An agreement for submission is revocable before execution : *Kyd on Awards* 29, 30. That a substantial performance is sufficient, was cited Preston *v.* Finney, 2 *W. & S.* 53; Chambers *v.* Jaynes, 4 *Barr* 43; Bridge Company *v.* Pomroy, 3 *Harris* 151; Lucas *v.* Godwin, 3 *Bingh. N. C.* 737.

The opinion of the court was delivered by

WOODWARD, J.—Where parties stipulate that disputes, whether actual or prospective, shall be submitted to the arbitrament of a particular individual or tribunal, they are bound by their contract, and cannot seek redress elsewhere. Such were the cases cited in the argument. But such is not this case. The parties here, instead of designating an umpire, agreed simply that all misunderstandings or difficulties should be submitted to the judgment of three arbitrators, to be mutually chosen, whose decision should be final. The arbitrators were to be *mutually chosen*; but if this could not be—if the debtor party would not choose—was he to keep his creditor at bay, for want of a tribunal authorized to say that he should pay? Certainly not. Such an executory stipulation for submission might be waived by the parties. And if the defendant had not waived it, why did he not show when sued upon the agreement, that he had offered to choose referees, and that it was the plaintiff's fault they were not mutually chosen? It was as much the defendant's duty to take steps to constitute the arbitration, as it was the plaintiff's; and in the absence of evidence that he had done, or had offered to do anything on the subject, the inference was a fair one that the indefinite submission mentioned in the articles had been waived, and each party left to his full rights, both of attack and defence.

Then as to the only remaining question on the record. The jury having found substantial performance of the agreement on the part of the plaintiff, the court was in no error in sustaining his action and giving him a judgment for what was due. There was some complaint that the bill of exception was not accurately made up on this subject of substantial performance, but we cannot entertain such objections. We must judge the record by itself; and the bill sealed is the highest evidence we can have of what was decided.

The judgment is affirmed.