William Yost *v.* John D. McKee et al., and Dwelling House Insurance Company, Garnishee and Appellant.

|  |  |
|---|---|
| 179 | 381 |
| 179 | 386 |
| 189 | 381 |
| 189 | 261 |
| 179 | 381 |
| 197 | 464 |
| 179 | 381 |
| 198 | 257 |
| 179 | 381 |
| 24 SC | ¹159 |
| 179 | 381 |
| 35 SC | ⁵528 |

*Arbitration—Revocable agreement—Arbitrators not named.*

Where an agreement to arbitrate does not provide for submitting matters of dispute to any particular person or tribunal named, but to one or more persons to be eventually chosen by the parties, it is revocable by either party.

*Insurance—Fire insurance—Provision as to ownership.*

The conditions of a policy of fire insurance as to the ownership of the property insured are to be understood, not in their technical sense, but as requiring that the insured be the actual and substantial owner.

*Will—Devise—Fee—Limited restriction on alienation.*

A policy of fire insurance provided that the interest of the insured in the property should be that of "unconditional and sole ownership." The insured acquired the property by devise "to be his forever for his own proper use" subject only to a restriction of alienation until he attained the age of thirty years. *Held*, that the insured was an owner within the meaning of the policy.

Testator devised to the insured a homestead. This was followed in the will by gifts of annuities to the brothers, sisters and children of the testator, and by the appointment of executors. Testator then directed as follows: "On the death of my heirs herein named all property and bank stock to be sold and divided among all the heirs. Should my grandson, J., (the insured) die before he is thirty without leaving any heirs his estate to be divided pro rata among the heirs." *Held*, (1) that by the words "my heirs herein named" testator meant the annuitants, and that "all the heirs" included the grandson; (2) that the words "all property and bank stock" did not include the homestead previously devised in fee; (3) that the grandson took an estate in fee in the homestead.

*Will—Devise of fee—Cutting down estate.*

Where there is a clear gift in a will it cannot afterwards be cut down, except by something which with reasonable certainty indicates the intention of the testator to cut it down.

Argued Oct. 30, 1896. Appeal, No. 89, Oct. T., 1896, by Dwelling House Insurance Company, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1894, No. 627, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Execution attachment by a judgment creditor of John D. McKee, to recover from the Dwelling House Insurance Company the amount due said McKee on a policy of fire insurance. Before McCLUNG, J.

The garnishee denied liability under the policy of insurance because the insured was not the sole and unconditional owner of the property as required by the policy, and the issue was between it and the plaintiff who was a judgment creditor of the insured. The latter died pending the suit, without leaving any issue, and under thirty years of age; the significance of which, with other facts, will appear from the opinion of the Supreme Court. The defendant also denied liability in this suit because the insured had refused to submit the matters to arbitration under the terms of the policy which provided that in case the parties could not agree upon the loss, appraisers should be chosen ·to adjust it. The court submitted the case to the jury on the question whether the value of the house at the time of the fire was equal to the amount of the policy, and what that value was. The court instructed the jury that, under the will of David McKee, John McKee took an estate in fee. The court also instructed the jury that the refusal to arbitrate did not constitute a sufficient defense to the action.

Verdict and judgment for plaintiff for $3,195. Defendant appealed.

*Error assigned* among others was entry of judgment on the verdict.

*Samuel J. Graham* and *Willis F. McCook*, for appellant.— The provision for arbitration should be upheld: Hamilton v. Liverpool, etc., Ins. Co., 136 U. S. 242; Rohnteiler v. Ins. Co., 57 Fed. Rep. 562; McNeese v. Southern Ins. Co., 61 Mo. App. Rep. 335; Boyles' Sons v. Ins. Co., 169 Pa. 349; German American Ins. Co. v. Hocking, 115 Pa. 404.

The insured was not an unconditional owner: Provenchere's App., 67 Pa. 462; Grim's App., 1 Gr. 209; 4 Kent's Commentaries, 57; Nicholson v. Bettle, 57 Pa. 384; Hall v. Robinson, 3 Jones, 348; Jauretche v. Proctor, 48 Pa. 466; McWilliams v. Nisly, 2 S. & R. 507; Langdon v. Ingram, 28 Ind. 360; Stewart v. Brady, 3 Bush. 623; Earle v. McAlpine, 3 'Grant Ch. (Ontario), 161; Hill v. Hill, 5 Barb. N. Y. 419; Imp. Fire Ins. Co. v. Dunham, 117 Pa. 475.

*William Yost*, for appellee.—This court has repeatedly declared the clause of arbitration in the policy to be revocable, and that it cannot oust the jurisdiction of the courts: Wright v. Ins. Co., 110 Pa. 29; German-American Ins. Co. v. Hocking, 115 Pa. 404; Gray v. Wilson, 4 Watts, 41; O'Neil v. Ins. Co., 166 Pa. 72; Boyle v. Ins. Co., 169 Pa. 349; Rea's App., 13 W. N. C. 546; Monongahela v. Fenlen, 4 W. & S. 210; Lauman v. Young, 31 Pa. 306.

In this case the arbitration clause could in no event avail the garnishee: Reed v. Penrose, 36 Pa. 229.

The title of the insured was in fee simple: McIntyre v. McIntyre, 123 Pa. 330; McCullough v. Gilmore, 11 Pa. 370; Act of April 8, 1833, P. L. 249; Fahrney v. Holsinger, 65 Pa. 391; Manderson v. Lukens, 23 Pa. 31; Passmore's App., 23 Pa. 381; Rewalt v. Ulrich, 23 Pa. 388; Womrath v. McCormick, 51 Pa. 504.

The policy would not be avoided by the alleged conditional limitation: Kronk v. Ins. Co., 91 Pa. 300; Chandler v. Commerce Ins. Co., 88 Pa. 223; Hope Mut. Ins. Co. v. Brolaskey, 35 Pa. 282; Susquehanna Ins. Co. v. Staats, 102 Pa. 529; Collins v. London Assurance Co., 165 Pa. 298; Lebanon Ins. Co. v. Erb, 112 Pa. 149; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Imperial Co. v. Dunham, 117 Pa. 460; Elliott v. Ins. Co., 117 Pa. 548; Kenton Ins. Co. v. Wigginton, 89 Ky. 330; Lawrence v. Ins. Co., 43 Barb. 479; Burson v. Fire Assn., 136 Pa. 267.

Opinion by Mr. Justice McCollum, January 4, 1897:

The refusal of the insured to comply with the condition in the policy in regard to the appointment of appraisers to ascertain the amount of the loss in case of a disagreement concern

ing it does not constitute a good defense to this action. The condition was nothing more than an agreement to refer to three appraisers to be appointed at a future time, to determine the amount of the loss by the award of any two of them. It was a revocable agreement and the insurance company is in no position to complain, here or elsewhere, of the revocation of it. It has not shown that it admitted the validity of its policy, or its liability under it, but on the contrary it has, in the language of the learned judge of the court below, " always denied its liability on ground which, if sustained, cut up the contract by the roots." The foregoing views are fully warranted and sustained by the decision of this Court in Mentz v. Ins. Co., 79 Pa. 478. In Assurance Co. v. Hocking, 115 Pa. 407, it was distinctly held in an opinion by Mr. Justice CLARK that where an agreement to arbitrate does not provide for submitting matters in dispute to any particular person or tribunal named, but to one or more persons to be eventually chosen by the parties, it is revocable by either party. Further consideration of this branch of the insurer's contention is deemed unnecessary, because the cases cited furnish a sufficient answer to it.

Another defense to the action is that the interest of the insured in the property destroyed was " other than unconditional and sole ownership," and this depends on the construction of the will by which he acquired title to it. The property destroyed was a dwelling house included in the devise by David McKee of his homestead to John D. McKee " to be his forever for his own proper use," subject only to a restriction of alienation until he attained the age of thirty years, which in his case was for the period of thirteen years. In Jauretche v. Proctor, 48 Pa. 466, WOODWARD, C. J., said: " A *partial* restriction, such as not to alien to a particular person or for a limited time, may be supported, but a general restraint of alienation when annexed to an absolute estate is void, upon the familiar principle that conditions repugnant to the estate to which they are annexed bind not." This is in accord with the view expressed by TILGHMAN, C. J., in McWilliams v. Nisly, 2 S. & R. 507, and by COULTER, J., in McCullough v. Gilmore, 11 Pa. 370. It is said in 6 Am. & Eng. Ency. of Law, p. 877, note 4, that " the weight of authority seems to be against such restraints however limited as to time." The ground on which a partial

restraint of alienation is supported is that it is not inconsistent with a reasonable enjoyment of the fee: McWilliams v. Nisly, supra, and Libby v. Clark, 118 U. S. 250. While the cases on this point are conflicting, the Pennsylvania cases we have cited seem to sustain a partial restraint of alienation. But we may assume that the restriction in question is valid without conceding that it relieves the insurer from liability on its policy. The conditions of the policy are to be understood, not in their technical sense, but as requiring that the insured be the actual and substantial owner: Beach on Insurance, sec. 405. The risk was not affected by the restriction. It was not inconsistent with a reasonable enjoyment of the estate devised, and the insured was the actual, sole and substantial owner of the property destroyed. For the reasons above stated the restriction in question cannot be regarded as affording a defense to the action.

It is contended however that if the insured by the devise to him of the homestead acquired an estate in fee simple it was by another provision of the will, defeasible on his death under thirty years of age without issue. The provision referred to is preceded by the devise of the homestead, by gifts of annuities to the brothers, sisters, and children of the testator, and by the appointment of executors. It is as follows: " On the death of my heirs herein named all property and bank stock to be sold and divided among all the heirs should my grandson John D. McKee die before he is thirty without leaving any heirs his estate to be divided pro rata among the heirs." We have quoted it entire and as it was written. It is quite clear that by " my heirs herein named " the testator meant the annuitants, and that "all the heirs " included John D. McKee. It is also obvious that " all property and bank stocks " did not include the homestead previously devised in fee. The part of the provision which relates to the division of John D. McKee's estate may be fairly referred to his share of the proceeds of the property previously directed to be sold. It may be possible to construe it as including the homestead, but it seems to us that this is not the reasonable interpretation of it. " The clearly expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main inten-

tion : " Sheetz's Appeal, 82 Pa. 213. "Where there is a clear gift in a will it cannot afterwards be cut down except by something which with reasonable certainty indicates the intention of the testator to cut it down : " 2 Jarman on Wills, 443. Applying this well settled rule of construction to the will under consideration we hold that there is nothing in it which clearly indicates that it was the intention of the testator to defeat or modify his devise of the homestead. There is no other question raised by the specifications which requires discussion. All the specifications are overruled.

Judgment affirmed.