## Swing *v.* Bates Machine Company, Appellant.

*Contract—Performance—Substantial performance—Defective work.*

In an action on a contract where a substantial performance has been shown, the plaintiff may recover subject to deduction for defective work. In such a case it is error for the court to refuse to permit the defendant to show the amount of such deduction, merely because the defendant set up as a defense that he had not made the contract with the plaintiff. Two defenses were open: one that the contract was not executed as claimed by the plaintiff; the other that the plaintiff had failed to perform according to the contract. The plaintiff could only recover by showing that the defendant contracted. If the contract was shown to exist the defendant was bound to pay, but only according to the terms of the agreement, and if that was not carried out by the plaintiff the defendant was entitled to show such failure of performance.

*Principal and agent—Evidence—Foreign corporation—Evidence.*

In an action against a foreign corporation which was a manufacturer of engines, to recover a balance alleged to be due on a contract for piping, the defendant averred that the contract was made by a selling agent, and that it was not within the scope of such agent's authority. There was evidence that the agent in question was the defendant's registered agent in Pennsylvania, and there was some evidence that he was held out to be the commercial agent. His name appeared on letter-heads as the manager of the defendant's eastern sales department. The letter-head showed that the defendant was a manufacturer of high grade heavy duty Corliss engines and boilers. The agent made the affidavit of defense in the suit. *Held,* that the question of the extent of the agency was for the jury.

Argued Oct. 11, 1906.   Appeal, No. 111, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1903, No. 1,133, on verdict for plaintiff in case of Thomas C. Swing, trading as Swing & Bateman, v. Bates Machine Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.   Reversed.

Assumpsit for balance alleged to be due on a contract.   Before BARRATT, J.

In addition to the facts stated in the opinion of the Superior Court it appeared that the contract in question was for furnishing and erecting all the steam, exhaust, feed and drip-piping for the complete piping system in the power house of the Hampton Roads Railway and Electric Co. at Hampton, Va., for the net sum of $2,905.

The court charged in part as follows:

[The plaintiff claims that his firm completed the work in accordance with the contract, and to the satisfaction of the defendant, and that the defendant paid him $1,007 on account, leaving a balance due of $451, with interest from February 4, 1903.   If this was all there was in the case and you found the plaintiff made the contract and performed it, your duty would merely be to find a verdict for the plaintiff for the amount of his claim.] [7]

[Was this contract for additional piping to change from the jet condenser system to the surface condenser system, in connection with the Bates Machine Company engine, within the scope of the business with which Sciple was intrusted by the Bates Machine Company?   That is a question you must ask yourselves.   If it was, he might make the contract; if it was not, he could make no valid contract of that kind.] [8]

[You must also pass upon this question: Did the Bates Machine Company register Sciple as its agent for the transaction of its business in Pennsylvania and hold him out to the world as its agent, and then privately limit his authority to merely selling engines?   You have heard all the testimony and you must base your conclusions upon it.   I say to you, however, as matter of law, that when one deals with an agent, in ignorance of limitations placed upon his authority, as the plaintiff alleges he did in this case, he is not bound by them.] [9]

[I have left to you for determination the question of fact as to whether Sciple authorized his clerk to sign the contract, but I am not entirely clear as to the question of law involved, which is, that even if the registered agent of a foreign corporation has power to make contracts, whether he can delegate that power to his clerk in the absence of express authority from his principal. For the purposes of this case, however, I instruct you, as matter of law, that if you find he did instruct his clerk to sign contracts, he had the power to do so. If I am wrong about this it can be corrected hereafter.] [10]

[The defendant has asked me to say that if you find the defendant made the contract and is liable to the plaintiff, the plaintiff is not entitled to the full amount of his claim, but that the sum of $226 should be deducted for defective work, or something of that sort, and charged against the Vandegrift Construction Company; that as to this $226 the defendant company has a defense. You will remember the evidence exactly as it was. This instruction I decline to give you, as, in my judgment, it is inconsistent with the defense made by the defendant in this case, which is that it did not make the contract with the plaintiff and owes him nothing.] [11]

Verdict and judgment for plaintiff for $532.18.   Defendant appealed.

*Errors assigned* among others were (7–11) above instructions, quoting them.

*Wayne P. Rambo*, with him *Ormond Rambo*, for appellant.— It is uncontradicted that Sciple individually had the contract for the construction of which the work in question is a part. He was a special agent, and the rule is that persons dealing with special agents must inquire into such agent's authority in order to bind the principal: Lance v. Deacon, 15 Phila. 318 ; Rafferty v. Haldron, 81* Pa. 438.

The authority of a selling agent has been recently considered by this court and his authority has been strictly construed. It has been decided that a selling agent has no authority to rescind a contract and accept a return of the goods : Mange-Weimer Co. v. Worsham, 27 Pa. Superior Ct. 315.

Even, if for the purpose of argument, it be conceded (which

defendant does not concede) that defendant was liable upon the contract in suit, defendant is, nevertheless, entitled to the benefits of the defense set up thereto in the affidavit of defense and in the testimony.

*J. H. Brinton*, for appellees.—In Snodgrass v. Gavit, 28 Pa. 221, where there was substantial performance, it was held that on the failure of the defendant to show the amount of damage resulting from a failure to comply with the contract no deduction would be allowed: Filbert v. Philadelphia, 181 Pa. 530.

It is held in Parker v. Citizens' Insurance Company, 129 Pa. 583, that the fact that a particular person was the agent of the company in making a settlement sought to be enforced may be proved by an affidavit of that person made during the progress of the litigation on behalf of the company to procure a continuance.

OPINION BY HENDERSON, J., February 25, 1907:

The principal question in this case was whether H. M. Sciple was the agent of the defendant or was held out by the latter to be its agent. The contract declared upon purported to be made for the defendant by Sciple. The defendant is a foreign corporation and it was conceded at the trial that Sciple was its registered state agent in Pennsylvania. There was some evidence that he was held out to be the commercial agent also of the defendant. With the knowledge and consent of the defendant, which was a manufacturer of high grade, heavy duty Corliss engines and boilers, he was advertised by letterheads as the manager of its eastern sales department. A letterhead of the defendant offered in evidence gave notice that it dealt in Corliss engines, complete power plants and general machinery. One of the receipts given by the plaintiffs for $1,000 paid on the contract was to the Bates Machine Company on account of work at Hampton, Virginia. Jones, who worked for Sciple, testified as follows with reference to the work at Hampton of which the plaintiff's undertaking constituted a part:

" Q. With the exception of those details to which you refer, the work had been completed there, had it? A. Yes, sir. Q. That is, both by Swing & Bateman and by the Bates Ma-

chine Company? A. Yes; except in so far as the plant, up to the time I severed my connection with Mr. Sciple, hadn't been in operation under load." The record also shows that Sciple filed the affidavit of defense for the defendant. It is contended that the authority shown was only that of a "selling" agent and that the contract declared upon was not within the scope of that authority. In view of the nature of the defendant's business as indicated by the letter-heads it does not necessarily or logically follow that the work undertaken by the plaintiff might not be connected with the delivery of engines or other machinery by the defendant. It cannot be certainly said, therefore, that the contract in question was not within the range of the defendant's operations. The evidence for the defense clearly shows a limitation of the powers of the agent, Sciple, and there is a direct denial that the company was engaged in business of the kind involved in the contract. These contradictions of the plaintiff were for the jury, and the instruction of the court and the answers to the defendant's points with reference thereto were as favorable to the defendant as could have been desired. There was also evidence that the work undertaken had been finished, except as to some minor details. Jones testified that it had been completed except as to some faulty valves and perhaps the pipe covering. This tends to show that there was substantial performance of the contract, and under the authority of Snodgrass v. Gavit, 28 Pa. 221, and Filbert v. Philadelphia, 181 Pa. 530, it was the duty of the defendant to show the amount of deduction which should be made from the contract because of the plaintiff's omission, there being no evidence of an intentional departure from the terms of the contract. The undertaking involved a considerable outlay in the construction of a power plant and the jury would have been warranted in concluding from the testimony of Jones that the incompleted or defective part was inconsiderable. The 11th assignment must be sustained. The defendant asked the court to say to the jury that if they found that the defendant made the contract and is liable to the plaintiff, the latter is not entitled to the full amount of his claim, but that the sum of $226 should be deducted for defective work, concerning which testimony was introduced by the defendant. This the court declined to do for the reason that

such instruction would be inconsistent with the defense set up which was that it did not make the contract with the plaintiff. The court was of the opinion apparently that because the defendant denied that it made a contract it could not be permitted to show failure of performance by the plaintiff even if the jury should find that the contract was entered into. The very root of the plaintiff's allegation was that a contract was made with the defendant and that the latter was liable for the contract price. Two defenses were open: one that the contract was not executed as claimed by the plaintiff; the other that the plaintiff had failed to perform according to the contract. The plaintiff could only recover by showing that the defendant contracted. If the contract was shown to exist the defendant was bound to pay, but only according to the terms of the agreement, and if that was not carried out by the plaintiff the defendant was entitled to show such failure of performance. The 1st and 4th assignments relate to the rulings of the court on the admission of evidence and do not require attention in view of the reversal of the case. The admission of the statement of claim for the purpose of showing credits thereon did the defendant no harm, however. It was not admissible to support the plaintiff's claim and need not have been offered by the plaintiff to show credits, as the defendant could have taken them as admitted by the plaintiff.

The judgment is reversed and a venire facias de novo awarded.