## American Marble Co. v. First National Bank of Charleroi.

*Statement of claim — Contracts — Necessity of stating circumstances of demand—Construction of mandatory arbitration clause—Practice Act, 1915.*

1. The Practice Act of May 14, 1915, P. L. 483, does not require that a statement of claim, based upon a demand for, and refusal, of, an architect's certificate, as provided in the contract, shall state whether the demand and refusal were oral or in writing, and if the latter, that it shall set out copies and that the refusal occurred at a particular time or place.

2. The scope of a mandatory arbitration clause in a contract shall not by construction be carried beyond what its words clearly import.

Statutory demurrer. C. P. Washington Co., Nov. T., 1924, No. 223.

A. G. Braden, for plaintiff; D. M. McCloskey, for defendant.

BROWNSON, P. J., Feb. 2, 1925.—The plaintiff, a contractor, sues upon a contract for the doing of certain construction work. He avers that the work was completed; that he made demand upon the architect for the issue of the final certificate provided for in the contract; and that the architect wrongfully and by collusion with the defendant refused to issue and withheld it.

By statutory demurrer the defendant makes two objections to the statement of claim. The first of these is that the statement does not set forth whether the demand for and refusal of the architect's certificate were oral or written, nor specify any time or place. We find nothing in the Practice Act of May 14, 1915, P. L. 483, to require the plaintiff to state whether the demand and refusal were oral or in writing, and, if the latter, to set out copies. Nor is it essential that a refusal at some particular time and place be set out. The statement avers (and this is all that is material) that at the time of bringing the suit the architect was withholding the certificate by collusion with the defendant. We do not think this objection would be sufficient ground for striking off the statement, if this demurrer be treated as the equivalent of a motion therefor.

The second objection made raises a question of construction of the contract. This provides, in article 12, that "in case the owner or contractor fail to agree in relation to matters of payment, allowance or loss referred to in articles 3 or 8 of this contract, or should either of them dissent from the decision of the architect referred to in article 7 of this contract, which dissent shall have been filed in writing with the architects within ten days of the announcement of such decision, the matter shall be referred to a board of arbitration," etc.

American Marble Co. *v.* First National Bank of Charleroi.

The position is assumed that the statement of claim exhibits a dispute between the owner and contractor with respect to what is payable on the contract, and that the owner is entitled to have this dispute arbitrated, the argument being that the word "payment" in the clause above quoted refers to and embraces any payment of any kind which the contractor may claim to be due him if the owner dispute such claim. Accordingly, the demurrer questions the right to bring this suit without the plaintiff's showing that he first offered the defendant an opportunity to have the dispute arbitrated. Passing over any question that might have been raised, based upon the fact that the board of arbitration provided for was to consist of persons to be thereafter appointed (see Snodgrass *v.* Gavit, 28 Pa. 221; Mentz *v.* Armenia Fire Ins. Co., 79 Pa. 478; Commercial U. Assur. Co. *v.* Hocking, 115 Pa. 407; Yost *v.* Insurance Co., 179 Pa. 381), we shall consider the question that actually has been presented and argued by counsel, viz., whether the present case falls within the scope of the arbitration clause above quoted.

Defendant's counsel argues that the comma after the word payment indicates that the words "referred to in articles 3 or 8" were intended to qualify only "allowance or loss" and to have no reference to "matters of payment." It appears to us that the presence of that comma is entirely consistent with the idea that the reference to articles 3 and 8 was intended as a qualification of all that precedes, for the purpose of identifying the payments, allowances and losses to which the provisions of article 12 are to apply. The natural interpretation of the language seems to us to be that it is only "matters . . . referred to in articles 3 and 8," concerning which there is a failure to agree, and disputes arising under article 7 that are to be submitted to arbitration. And when we read in connection with article 12 the other articles to which it makes reference, this becomes so manifest that no other interpretation seems possible. Article 3 deals with extras, resulting from alterations, and provides that if the parties fail to agree "as to the amount to be paid or allowed, . . . the determination of said amount shall be referred to arbitration, as provided in article 12 of this contract." Article 8 deals with losses resulting to either party from delay in the progress of the work caused by the other, and provides that, "should the owner and contractor fail to agree as to the amount of loss comprehended in this article, the determination of the amount shall be referred to arbitration, as provided in article 12 of this contract." Article 3 thus appears to relate to a "payment" or "allowance" for extra work, and article 8 exclusively to "loss" arising from delay. The "decision of the architects," referred to in article 7, is a decision as to how long, under certain circumstances, the contract time for the completion of the work shall be extended. Collating with article 12 the other articles therein mentioned, and reading the whole together, we have no doubt whatever that the actual intention of the contract is to provide arbitration only for controversies arising under articles 3, 7 and 8, or one of them, neither of which articles appears to be involved in the present case. Even if there were room for doubt as to the meaning of the language used, the principles underlying the authorities upon the subject would require that trial by jury should be favored in the interpretation of a mandatory arbitration clause, and that the scope thereof shall not by construction be carried beyond what its words clearly import.

And now, Feb. 2, 1925, after argument and consideration, the statutory demurrer is overruled, with leave to the defendant to file an affidavit of defence upon the merits within fifteen days.

From E. E. Crumrine, Washington, Pa.