Joint Board of Waist and Dressmakers' Union of Philadelphia *v.* Rosinsky, Appellant.

Argued March 18, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*James L. Price,* for appellant.

*M. Herbert Syme,* for appellee.

OPINION BY HIRT, J., July 14, 1953:

Defendant, an employer of labor, was engaged in the manufacture of dresses in Philadelphia. It is admitted that "about October 1946" he applied for and was admitted to membership in an existing association of employers known as Philadelphia Waist and Dress Manufacturers' Association. He remained a member of the association until some time in April 1950. A collective bargaining agreement had been entered into by the Association with the plaintiff union on September 12, 1940 which, with modifications irrelevant here, was extended from time to time. When defendant joined the Association the agreement had been extended to January 31, 1949 and on December 11, 1948 while defendant was still a member of the Association, the collective bargaining agreement was further extended to January 31, 1951. The original agreement and all of its extensions contained provisions for the arbitra-

tion of disputes between the Union and employer members of the Association by submission to an "Impartial Chairman" to be designated in accordance with the terms of the agreement. The Union, complaining that the defendant had violated specific provisions of its existing collective bargaining agreement with the Association, on July 17, 1950 requested the Impartial Chairman to set a date for hearing the grievances. Accordingly a hearing was fixed for August 1, 1950 and the defendant employer had notice of it on July 20, 1950. The plaintiff Union appeared at the time appointed but the defendant did not appear and he has since refused to comply with the provisions of the agreement for the solution of the labor disputes. The plaintiff Union on September 1, 1950 brought this action in equity to compel compliance with the procedural provisions of the agreement then in force. The defendant answered on the merits. After hearing, the lower court, in due course by final decree, directed the defendant to proceed to arbitration of the grievances filed against him by the plaintiff Union in accordance with the provisions of the collective bargaining agreement between the Union and the Philadelphia Waist and Dress Manufacturers' Association as extended to January 31, 1951.

Defendant became a member of the Association in October 1946 upon the acceptance of his written application, signed by him, as follows: "We are hereby applying for membership in the Philadelphia Waist and Dress Manufacturers' Association, *thereby also becoming part of the collective agreement now existing between the Joint Board of the Philadelphia Waist and Dressmakers' Union and the Philadelphia Waist and Dress Manufacturers' Association*". (Emphasis added). The written application as to substance met the requirements of the by-laws of the Association which pro-

vided: ". . . In the application, the applicant shall agree that he . . . will comply with the terms and conditions of all agreements with organized labor or others entered into by the Association on behalf of its members". A direct contractual relationship was established between defendant and the Union when he became a party to the collective bargaining agreement, in accordance with the terms of his application for membership. Moreover the by-laws became a part of the contract of defendant when he became a member of the Association (32 C.J.S., Evidence §960) and he was bound by them. *Goldstein et al. v. Int. L. G. W. U. et al.*, 328 Pa. 385, 387, 196 A. 43. It is unimportant, therefore, that the complaints filed by the Union and the request for arbitration of them came after defendant's resignation from membership in the Association in April 1950. He could not relieve himself of liability under an existing contract made on his behalf by the simple expedient of resigning as a member on the eve of an impending labor dispute. His obligation in joining the Association ran to the end of the term of the labor agreement by which he agreed to be bound. And the extension of the agreement, while defendant was still a member of the Association continued his liability to January 31, 1951.

Plaintiff in this case, by bringing this action in equity for a mandatory decree, chose the appropriate procedure to compel performance of its agreement with the defendant arising from his membership in the Association. The agreement provided for common-law arbitration by submission of complaints, disputes or grievances arising between the parties to an Impartial Chairman in accordance with its terms. Common-law arbitration was not displaced by the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §163. *Goldstein et al. v. Int. L. G. W. U. et al.*, supra. The Arbitration Act

of 1927 did not abrogate common-law arbitration; the remedy provided by that Act was cumulative, not exclusive. *Sukonic v. Shapiro*, 333 Pa. 289, 5 A. 2d 108.

Appellant on his acceptance as a member of the Association undertook, in accordance with the terms of his application, to comply with the wage rates and working conditions set forth in the agreement between the Union and the Association affecting his employes to which he thus became a party. And the appellant cannot avoid liability arising from the resulting contract by asserting an alleged parol contemporaneous agreement at variance with the written contract. At the trial of this case he offered to prove that on signing the membership application, in which he agreed to abide by the terms of existing labor agreement covering his employees, he had a verbal understanding with the Union on behalf of the same workmen as to wage rates and working conditions, in direct variance with the provisions of the existing agreement. It was not contended by him that the alleged oral representations were omitted from the written contract, through fraud, accident or mistake. The offer therefore was properly refused by the chancellor in the application of the settled rule universally applied in cases involving the modification of written instruments by parol as to subjects which, as here, are specifically dealt with in the written agreement. *Anderson v. Murdoch S. & T. Co.*, 371 Pa. 212, 88 A. 2d 720; *T. W. Phillips Gas and Oil Co. v. Kline*, 368 Pa. 516, 84 A. 2d 301; *Grubb v. Rockey*, 366 Pa. 592, 79 A. 2d 255. There was no offer to prove that the agreement was subsequently modified or abrogated as in *Shaffer et al. Exrs. v. Scharding et ux.*, 348 Pa. 423, 35 A. 2d 270.

The appellant in this case will be obliged to submit to the arbitration of the grievances filed against him by the plaintiff Union in accordance with the arbitra-

tion clauses of the collective bargaining agreement between the Union and Philadelphia Waist and Dress Manufacturers' Association by which he agreed to be bound.

The mandatory decree to that effect is affirmed.