Capecci v. Capecci, Inc.

460

*Norman Shigon*, for plaintiff.

*Park B. Dilks, Jr.*, for defendant.

REIMEL, J., October 1, 1957.—This matter comes before the court on defendant's motion for judgment on the pleadings.

Plaintiff, exemploye, instituted this action against defendant, exemployer, as third party beneficiary of a contract executed by defendant and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 470, of which plaintiff was a member. The contract was a collective bargaining agreement. Plaintiff alleged his discharge in violation of this agreement and claimed damages as a result of loss of earnings, loss of seniority rights and loss of other benefits.

Defendant filed an answer and new matter wherein it is alleged that plaintiff was discharged because of disloyalty, insubordination, inefficiency and incompetency. It further alleged that an impartial arbitrator was designated and a hearing was held. The arbitrator found that the discharge of plaintiff was justified and that he was not entitled to reinstatement. Plaintiff filed a reply wherein it is alleged that the grievance and arbitration procedure stipulated in the collective bargaining agreement was not followed and that plaintiff was not given a proper opportunity to present his position citing reasons therefor. Defendant then filed its motion for judgment on the pleadings.

Defendant's business was conducted as a "union shop" and Local Union No. 470, a local affiliate of the

International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, was the "sole representative for collective bargaining purposes for all the employees in certain enumerated classifications". Plaintiff was a member of the union and was included in the enumerated classifications. As an incident of membership in a union an employe designates his union as his representative to act for him as his agent in collective bargaining with his employer and in all matters pertaining to his employment: Povey v. The Midvale Co., 175 Pa. Superior Ct. 395. Therefore, plaintiff was bound by the action of the union as his agent in negotiating the collective bargaining agreement with his employer.

Under the terms of the agreement, "any grievance or dispute concerning the interpretation or execution of this agreement shall be settled in the following manner", which consists of summary procedures culminating in arbitration. The arbitration procedure provides for a board of five arbitrators, two to be chosen by defendant, two to be chosen by the union and a fifth to be chosen by the four arbitrators.

Plaintiff questioned the justification for his discharge and submitted this question to an impartial arbitrator who rendered a decision adverse to plaintiff, which he herein seeks to circumvent or set aside and have the question redetermined.

Where the parties by contract contemplate the settlement of disputes by arbitration, every reasonable intendment will be made in favor of the agreement: Povey v. The Midvale Co., supra. The public policy of this State is to give effect to arbitration agreements: Schroeder Bros., Inc., v. Sabelli, 156 Pa. Superior Ct. 267. When an arbitration agreement is executed, the arbitrator becomes the final judge of both law and fact and an award by him will not be reviewed or set

aside for mistakes in either: Rosenbaum v. Drucker, 346 Pa. 434.

The Arbitration Act of April 25, 1927, P. L. 381, did not abrogate common law arbitration but provided a more effective remedy which is cumulative, not exclusive: Povey v. The Midvale Co., supra. Where neither of the parties to an agreement of arbitration attempt, in any particular, to follow the Arbitration Act, the award of the arbitrator will be considered a common law award: Rosenbaum v. Drucker, supra. This is so even though the agreement is within the scope of the Arbitration Act.

Although only one impartial arbitrator was actually designated in the proceeding, we do not consider this a proper ground for setting aside his award. All parties concerned were in attendance and participated in the proceeding, i.e., the employer, the employe and the union. No objection of any kind was raised by anyone to this procedure until plaintiff instituted this action more than one year after the award. On the contrary, plaintiff and the union which represented him agreed to the procedure and accepted every advantage the procedure offered. Plaintiff cannot now be heard for the first time to say that the procedure followed was improper for the ground cited. The courts will not allow a party to speculate on the results of an arbitration. If he desires to repudiate his submission, he is bound to do so before the result is known and he has been defeated.

Under the common law, the general rule is that the award is binding unless it can be shown by clear, precise and indubitable evidence that the parties were not given a hearing, or that there was fraud, misconduct, corruption or some other irregularity on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award: Reading Tube Corp. v. Steel Workers Federation and Read-

ing Tube Local, 173 Pa. Superior Ct. 274. Plaintiff alleges none of the above grounds and attempts to set aside the award in an improper action in which this court finds itself without jurisdiction.

For these reasons the court has granted defendant's motion for judgment on the pleadings.