# Lynn v. Cities Service Oil Company

*Herbert L. Floum*, for plaintiff.

*Wilderman & Markowitz* and *Dennis, Lichtenstein, Cohen & Dennis*, for defendants.

SLOANE, P. J., February 4, 1960.—Petitioner, by his petition for arbitration, seeks an order compelling the union and the company, defendants, to arbitrate his claim for occupation injury leave pay, citing and relying upon the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §§161, 163. His allegation is that the union has refused to insist on arbitration of his claim. But in the absence of an allegation that the union's refusal shows a lack of good faith and is arbitrary, we sustain that part of respondents' preliminary objections which denies that petitioner has asserted a cause of action.

The requirement that the union as a representative of its member workers has a free hand to bring about industrial harmony, while it does justly, dictates that courts not interfere with adjustments reached by the union. Compare Jenkins v. Schluderberg-Kurdle Co., 217 Md. 556, 144 A. 2d 88, with Ostrofsky v. United Steelworkers of America, 171 F. Supp. 782 (D. Md.).

See Cox, The Duty of Fair Representation, 2 Villanova Law Review, 151; Cox, Rights Under a Labor Agreement, 69 Harvard Law Review, 601.

Nothing in the Arbitration Act, supra, is to the contrary. All the act does is to make arbitration arrangements enforceable; whether arbitration lies depends not on the Arbitration Act, but on the terms of the underlying private arrangement. Cf. Povey v. The Midvale Company, 175 Pa. Superior Ct. 395.

The preliminary objection is sustained. As to respondent company, the petition is dismissed. Petitioner's counsel at argument said that bad faith did not exist and could not be averred. Nevertheless, out of caution, petitioner has leave to amend within 15 days; otherwise the petition will be dismissed.