## Tom Dunphy, Inc. Real Estate v. Gehring

*James J. Martin,* for plaintiff.

*John C. Schmidt, Jr.,* for defendants.

LEDERER, *J.*, May 30, 1975—In order to open a default judgment in an action in assumpsit, defendant must establish three points: (a) That the petition to open was promptly filed; (b) that a legitimate explanation exists for the delay that occasioned the default judgment; and (c) that there is a meritorious defense: Silverman v. Polis, 230 Pa. Superior Ct. 366, 326 A.2d 452 (1974).

This court concludes that the contentions of defendant in the instant case do not constitute a meritorious defense.

Defendant claims that a real estate broker who was agent for plaintiff fraudulently informed defendants that the purchase of a home, for which they signed an agreement of sale, was conditioned upon the sale of defendants' then current residence.

The agreement of sale specifically states:

"It is understood that this sale is not contingent upon the sale of any other property. This agreement contains the whole agreement between the parties hereto and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever."

Generally, to permit the modification or variation of a written instrument by parol evidence of an alleged oral representation on the ground of fraud, it must be shown that the alleged oral representation sought to be admitted was omitted from the written instrument through fraud: Joint Board of Waist and Dressmakers' Union v. Rosinsky, 173 Pa. Superior Ct. 303, 98 A.2d 447 (1953). In other

words, fraudulent misrepresentations may be proved to modify or avoid a written contract only if it is averred and proved that they were *omitted* from the complete written contract by fraud: Bardwell v. Willis Co., 375 Pa. 503, 100 A.2d 102 (1953); Sokoloff v. Strick, 404 Pa. 343, 172 A.2d 302 (1961); Sum. Pa. Juris., Parol or Extrinsic Evidence, §374, 362.

In addition, the word "fraud" as used in connection with the parol evidence rule, refers to a deliberate misrepresentation of a material existing or past fact. Failure of a party to carry out an alleged parol contemporaneous oral agreement is not fraud within the meaning of this rule: First Nat. Bank of Hooversville v. Sagerson, 283 Pa. 406, 129 Atl. 333 (1925); Architectural Tile Co. v. McSorley, 311 Pa. 299, 166 Atl. 913 (1933); Sum. Pa. Jur., Parol or Extrinsic Evidence, §374.

Consequently, defendant's claim of "fraud" is not the kind of fraud which would be admissible in a trial court under the parol evidence rule; nor is it the kind of "fraud" that would provide a meritorious defense under the facts of the instant case.

Defendant next contends that a meritorious defense exists because there was no authority to enter judgment on the promissory note as liquidated damages. In the instant case, the agreement of sale was dated July 12, 1974. Pursuant to the terms of the agreement of sale, defendant conveyed a promissory note in the amount of $2,350 and dated July 19, 1974, to plaintiff.

It is clear from the agreement of sale that this note was intended by the parties to be taken as a cash deposit on the property purchased. This was a "sum paid on account," as used in the agreement of

sale, to be retained by the seller as liquidated damages in event of default by the buyer. This is common commercial practice. To hold otherwise would necessitate an alteration of this well-established practice.

Defendants cite Dittman, Jr. v. Blymire, 64 D. &C. 2d 354 (1973), to support his contention. However, that case is distinguishable. In that case, the agreement of sale provided that, on default, the injured party might accept a sum equal to ten percent of the sale price as liquidated damages, which sum the other party agreed to pay. In the instant case, the agreement of sale referred to "sum paid on account," which included the promissory note.

### ORDER

And now, May 30, 1975, the petition of Helen R. Gehring, Michele Gehring and Henry R. Gehring to open the judgment entered in the above-captioned matter is hereby dismissed.