# York Metal & Alloys Co. *v.* Cyclops Steel Co., Appellant.

*Appeals—Statement of questions involved.*

1. If an appellant desires a question raised below shall be considered on appeal, he should set it forth in his statement of questions involved, and should argue and thus call it to the attention of the appellate court.

*Contracts—Lex loci—Construction—Place of performance.*

2. Where a contract is made in one state or country to be performed in another state or country, its validity and effect are to be determined by the laws of the place of performance.

*Contracts — Substituted contract — Consideration—Mutuality—Option.*

3. Where the parties to a contract disagree as to its performance and enter into a second contract in substitution for the first, the compromise of their respective demands affords sufficient consideration to support the execution of the second contract.

4. There is a consideration if the promisee, in return for the promise, does any legal act which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss to him or actual benefit to the promisor or not.

5. The promise to forbear to prosecute a rightful claim is a sufficient consideration.

6. An agreement to an extension of time for performance of a contract by one of the parties is sufficient to support a supplemental contract.

7. Where there is an agreement founded on a consideration it is not invalid for want of mutuality because one party has an option while the other has not.

Argued April 29, 1924. Appeal, No. 316, Jan. T., 1924, by defendant, from order of C. P. Crawford Co., Feb. T., 1923, No. 23, making absolute rule for judgment for want of sufficient affidavit of defense, in case of York Metal & Alloys Co. v. Cyclops Steel Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of sufficient affidavit of defense.  Before PRATHER, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute.  Defendant appealed.

*Error assigned* was order, quoting record.

*E. H. Wicks,* with him *Morris, Walker & Boyle,* for appellant.—The instrument of 1921 is unsupported by legal consideration, is lacking in mutuality and is therefore void: Pride v. Randall, 34 Montg. 189; Weed v. Spears, 193 N. Y. 289.

*Charles W. Benedict,* with him *Donald H. Yost,* for appellee.—The supplemental contract is not nudum pactum and is not void for want of consideration: Burnett v. R. R., 176 Pa. 45; Musser v. Stauffer, 192 Pa. 398; Flegal v. Hoover, 156 Pa. 276; Waverly Nat. Bank v. Hall, 150 Pa. 466; Baum v. Birchall, 150 Pa. 164; Grogan & Merz v. Express Co., 114 Pa. 523; Hughes v. R. R., 202 Pa. 222; Dreifus, Block & Co. v. Salvage Co., 194 Pa. 475; McNish v. Reynolds, 95 Pa. 483; Brentwood Realty Co. v. Moses, 73 Pa. Superior Ct. 307; Michael v. Stuber, 73 Pa. Superior Ct. 390.

The supplemental contract, is not void for want of mutuality: Grove v. Hodges, 55 Pa. 504; Phila. Ball Club v. Lajoie, 202 Pa. 210; Corbet v. Fuel Supply Co., 21 Pa. Superior Ct. 80; Kirkpatrick & Lyons v. Bonsall, 72 Pa. 155.

OPINION BY MR. JUSTICE SADLER, May 19, 1924:

The plaintiff, York Metal & Alloys Company, agreed, on June 20, 1920, to sell defendant 85,000 pounds of tungsten powder at a fixed price, one-half to be delivered by the first of January following.  This contract was executed in New York, though the place of performance was Pennsylvania, where both parties had their respec-

tive business offices. Prior to April 8, 1921, more than one-half of all of the product purchased was delivered, and the balance had been prepared and held in the warehouse of plaintiff awaiting shipping orders. In the meantime, disputes arose concerning the quality of the material furnished, defendant insisting the powder could not be used by it unless mixed with a higher grade, and also claiming to have suffered damage as a result. There was a default on its part in the payment of $2,-604.15, due on the invoice of December 6, 1920. In February, complaint was renewed as to the character of the goods sold, but defendant agreed to accept the balance of the amount ordered, if given the privilege of delay in receiving and settling for the portion unshipped.

This controversy resulted in a new contract, dated April 8, 1921, a time subsequent to the complaint as to the inferiority of the powder, and which recognized liability to plaintiff, it being stated therein that the material could be used when mixed with that of a higher quality, and fixing a definite time within which the balance of the order should be accepted and paid for. The preamble to the offer of compromise, duly approved, indicates the interest which defendant had in consummating the new agreement. It says, "recognizing the present stagnation in the tungsten trade, and in consideration of the following conditions, which are hereby mutually agreed upon, we agree to postpone (subject to modifications in condition 3) until May 1, 1922, the final date, before which all this metal must be accepted and paid for by you." No. 3 referred to the use of the plaintiff's powder in connection with another grade deemed necessary by defendant. Interest was made payable from January 1, 1921, upon the price of the product manufactured and held in storage for the purchaser.

No shipping orders were given by defendant prior to the date fixed, though demand for such action appears, and, after notice, the balance was sold at public auction. This suit was brought to recover damages for the loss

sustained. The facts as above recited were set forth in plaintiff's statement, and in the reply to the affidavit of defense, later filed. Judgment was entered, on motion, for the amount claimed to be due, based on the difference between the sum received at the public sale and that contracted for. This appeal is taken from the order entered.

Defendant contended in the court below that the controlling legal principles must be determined by the law of New York, rather than Pennsylvania, since the contract was signed in the former state, though its place of performance was in the latter. This proposition is not raised in the statement of questions involved, nor was it argued before us. Clearly, such position could not be sustained. "Generally, as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere; but when it is made in one state or country to be performed in another state or country, its validity and effect are to be determined by the laws of the place of performance. It is to be presumed that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise, those laws determine the mode of fulfillment and obligation, and the measure of liability for its breach": Burnett v. P. R. R. Co., 176 Pa. 45, 48; Hughes v. P. R. R. Co., 202 Pa. 222; Musser v. Stauffer, 192 Pa. 398.

It is, however, insisted that the supplemental contract of April 8, 1921, is ineffective to control the rights of the parties in this litigation, since there was no consideration for its execution, and that the first agreement is the one which must alone be considered. Therefore, appellant urges, no judgment should have been entered in view of its denial that the metal furnished was of the quality originally contracted for. The facts show the complaint made by defendant of the kind of product furnished, as well as an admission that it could be used

when mixed with other substances, but causing alleged loss. There also appear default in giving shipping orders on its part, as well as in making payments due, and a desire to delay performance of the contract obligation, because of business conditions. Both parties had claims against the other,—matters of dispute. The second agreement made was a compromise of the respective demands, wherein the rights and duties of each were clearly set forth. Then, the defendant knew the quality of material with which it was being supplied under the contract, and how it could be used, and, in return for extension of the time of compliance, expressly agreed to accept the balance held for it by May 1, 1922, and to pay interest on the value of the portion unshipped.

"There is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not": 13 C. J. 316. "Refraining from bringing a suit may furnish a consideration. The actual forbearance, or the promise to forbear, to prosecute a claim on which one has a right to sue is universally held to be a sufficient consideration": 13 C. J. 344. If there is a real contention between the parties, modification of the existing contract, to settle the differences, is supported by the reciprocal benefits which follow: Whitehill v. Schwartz, 27 Pa. Superior Ct. 526. Parties may at any time rescind their previous understanding and substitute another therefor where some consideration appears, and the new contract will take the place of that formerly entered into: Dreifus, Block & Co. v. Salvage Co., 194 Pa. 475; Flegal v. Hoover, 156 Pa. 276; Thompson v. Stone, 43 Pa. Superior Ct. 69. And an agreement to an extension of time for performance by one is enough to support the supplemental understanding: McNish v. Reynolds, Lamberton & Co., 95 Pa. 483. See also, note to L. R. A., 1915, B I. The power and right of the parties to a contract to can-

cel, change, or replace it, is beyond dispute, if there be some consideration for the alteration in the position of those interested; and this condition appears here.

Defendant further urges the supplemental agreement is unenforceable because lacking in mutuality. With the desire to be relieved from its duty to accept the goods ordered, provision was made, in section 7, that plaintiff might sell the tungsten to others, if prices advanced, prior to May 1, 1922, and, to the extent of any sales made, release both parties from their respective obligations to deliver, on the one hand, and to receive and pay, on the other. "When there is an agreement founded on a consideration, it is not invalid for want of mutuality because one party has an option while the other has not, or, in other words, because it is obligatory on one and optional with the other. Hence, want of mutuality cannot be set up as a defense by the party who has received the benefit simply because it was left optional with the other party as to whether he would enforce his right": 13 C. J. 336. In order that a contract be mutual, it is not necessary that each should have precisely the same remedy, either in form, effect or extent. It is sufficient if both have the power of compelling performance of the promises respectively made: Phila. Ball Club v. Lajoie, 202 Pa. 210; Barnes v. Rea, 219 Pa. 279; Boyer v. Nesbitt, 227 Pa. 398; Corbet v. Fuel Supply Co., 21 Pa. Superior Ct. 80. The situation here presented is analogous to one in which the seller is given the right to cancel where payments are not made as stipulated, and such contracts have been upheld: Casinghead Gas Co. v. Osborn, 269 Pa. 395, 399. Further, it should be noticed that the consideration for the new agreement was the extension of time within which the remaining goods should be taken, and that provision became binding when the offer of April 8th was accepted: Grove v. Hodges, 55 Pa. 504; Nolle v. Mutual Union B. Co., 264 Pa. 534.

No error has been pointed out which furnishes reason for disturbing the order made by the learned court below, and the sole assignment of error is overruled.

The judgment is affirmed.