## Van Kirk, Appellant, *v.* Jackson.

*Appeals—Divided court—Affirmation of court below.*

When the judges of the Superior Court who heard the appeal are equally divided in their opinion, the judgment of the court below will be affirmed.

Submitted May 4, 1925. Appeal, No. 200, April T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1924, No. 2386, in the case of Lawrence E. Van Kirk v. Porter R. Jackson. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for the return of money paid for the sale of real estate. Before FORD, J.

On case stated the court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Miles H. Jones,* for appellant.

*Warren H. Van Kirk,* for appellee.

PER CURIAM, May 6, 1925:

The six judges who heard the argument of this appeal are equally divided in their opinion, and the judgment is accordingly affirmed.

---

## Central Trust and Saving Company, a Corporation, Appellant, *v.* Benjamin Klebanoff and Abraham Klebanoff.

*Negotiable instruments—Notes—Conditional delivery—Affidavit of defense—Sufficiency.*

In an action of assumpsit on a promissory note, an affidavit of defense is sufficient which contains averments that the note was

## 428 CENTRAL TRUST & SAV. CO. *v.* KLEBANOFF.

delivered undated, with the express condition that it was only to be used in the event of a composition being affected with the creditors of the maker, and it was further alleged that the composition was not completed, and that the note was negotiated in violation of the agreement.

Argued November 21, 1924. Appeal, No. 260, Oct. T., 1924, from judgment of C. P. Phila. Co., No. 4, March T., 1924, No. 9071, discharging rule for want of a sufficient affidavit of defense, in the case of Central Trust and Saving Company, a Corporation, v. Benjamin Klebanoff and Abraham Klebanoff. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on promissory note. Before McCULLEN, J.

The facts are stated in the following opinion of the court below discharging a rule for judgment for want of a sufficient affidavit of defense:

The plaintiff sues the defendants as makers and endorsers of a promissory note bearing date December 28, 1923, drawn to the order of themselves, the (makers) for $1,284.47, payable four months after date thereof, at the plaintiff's place of business.

In its statement of claim, plaintiff does not aver specifically the date of execution or of endorsement of the note, or the date of delivery of the same. Averment is made that the note when due was duly presented for payment at the place where payable; that payment was refused, that plaintiff is a bona fide holder for value before maturity and is the present holder for value.

Plaintiff's averments as to dates are as follows:

"4. On December 28th, 1923, the defendants were the makers of a promissory note to the order of themselves, of which the following is a true and correct copy......

"5. The defendants duly endorsed the said note, and thereupon the said promissory note was delivered for a good and valuable consideration, before maturity to the plaintiff in this action."

Defendants have filed an affidavit of defense, denying that the note described in plaintiff's statement of claim, or any other note was made by them on December 28, 1923, and averring:

1. That on June 20, 1923, an involuntary petition in bankruptcy was filed against them.

2. That they were then indebted to the plaintiff in the sum of $1,350, upon a claim scheduled in the bankruptcy proceedings.

3. That on June 25, 1923, defendants filed a petition offering a composition of 25% to their creditors in these bankruptcy proceedings.

4. That the defendant, Benjamin Klebanoff, called upon the plaintiff's president "for the purpose of inducing the plaintiff corporation to accept the aforesaid offer of composition," and that plaintiff's president advised defendant that the plaintiff would accept the composition "if it was paid the full amount of its indebtedness."

5. That the defendant, Benjamin Klebanoff advised the plaintiff's president "that the defendants would pay the plaintiff bank in full if the defendants would effect a composition so that they could remain in business"; that the president of plaintiff bank thereupon requested the defendants to execute a note in bank, without date or amount, and "that on or about the 26th or 27th day of June, 1923, the defendants did execute a note in blank without date or amount and gave same to Clement J. Craft, the president of plaintiff corporation, with the express understanding and stipulation that said note was to be used only in the event that the composition offered as aforesaid by the defendant was effected and the defendants remained in business."

6. That the offer of composition was not effected and that on July 24, 1923, the referee in bankruptcy, to whom the cause in bankruptcy was referred, filed a report recommending that the offer of composition be dismissed.

7. That on July 26, 1923, (after the date of the execution and delivery of the note in blank to plaintiff's president) the defendants were adjudged bankrupts; that thereupon the plaintiff corporation in these bankruptcy proceedings filed its proof of claim (for which the note had been executed) and received its dividend thereon, and that the defendants obtained their discharge in bankruptcy. (Note: A clerical mistake is made in reciting the date of discharge.)

8. The defendants further aver that the obligation upon which they are being sued is no new obligation, that it was not made on the 28th of December, 1923, and that "whatever promise was made by the aforesaid blank note executed by the defendants on or about the 26th or 27th day of June, 1923, was for the original obligation of the defendants to the plaintiff corporation and was made prior to the adjudication in bankruptcy and prior to the discharge as aforesaid, and was to be used only in the event that a composition was to be effected by the bankrupts as aforesaid, and was discharged by the discharge of the bankrupts as aforesaid."

It is general principle that:

"A bill or note takes effect from the time of its delivery and not from its date, and its validity, as affected by statutory enactments, or as dependent on the capacity of the parties thereto, is to be determined by the date of its delivery and not by its expressed date": 8 Corpus Juris, section 337, p. 209.

The Negotiable Instruments Act, (P. L. 1901, 194), provides, inter alia, as follows:

"Sec. 11. Where the instrument or an acceptance of any endorsement thereon is dated, such date is deemed prima facie to be the true date of the making, drawing, acceptance, or endorsement, as the case may be.

"Sec. 12. The instrument is not invalid for the reason, only, that it is antedated or postdated, provided this is not done for an illegal or fraudulent purpose. The per-

son to whom an instrument so dated is delivered acquires the title thereto as of the date of delivery.

"Sec. 13. Where an instrument, expressed to be payable at a fixed period after date, is issued undated, or where the acceptance of an instrument, payable at a fixed period after sight, is undated, any holder may insert theron the true date of issue or acceptance, and the instrument shall be payable accordingly. The insertion of a wrong date does not avoid the instrument in the hands of a subsequent holder in due course, but as to him the date so inserted is to be regarded as the true date.

"Sec. 14. Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper, delivered by the persons making the signature in order that the paper may be converted into a negotiable instrument, operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time.

"Sec. 15. Where an incomplete instrument has not been delivered it will not, if completed and negotiated without authority, be a valid contract in the hands of any holder as against any person whose signature was placed thereon before delivery."

The provision in section 14 of the Negotiable Instruments Act changes the common law rule which existed prior to its passage. As to this it is said in Corpus Juris, vol. 8, sec. 322, page 191:

"The rule of the common law that, where a person signs a note without restriction, leaving a blank for the name of the payee, and entrusts it to a comaker, he gives to a bona fide holder implied authority to fill the blank and perfect the instrument has been changed be the Negotiable Instrument Law which provides that such an instrument may be enforced against any person who becomes a party thereto prior to its completion only when it is filled up strictly in accordance with the authority given."

In section 16 of the Negotiable Instruments Act, it is expressly provided that, as between immediate parties and as to a remote party other than a holder in due course, "the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

Bearing upon this point see cases referred to in Uniform Laws Annotated, Book 5 (Negotiable Instruments Act), pages 77-86.

Parol evidence as to conditional delivery does not infringe the rule excluding parol evidence in contradiction of a written agreement.

In Pratt, etc., Co. v. Pneumatic Tool Co., 63 N. Y. S. 1062 (affirmed in 166 N. Y. 588), it is said: "Conditions relating to the delivery of a note may be shown, but not conditions which modify or change the character of the obligation itself. The former goes to the existence of the contract, while the latter, conceding its existence, seeks to vary the terms of it by parol evidence, and such evidence cannot be received."

Assuming at this time, as we must, the truthfulness of the averments contained in the affidavit of defense, a consideration of the law applicable to the case leads to these conclusions:

1. If the note sued upon, although dated December 28, 1923, was actually delivered to the plaintiff June 26 or 27, 1923, it is to be deemed effective as of the date mentioned. Subsequent to this date the defendants were

427, (1925).] Opinion of the Court below.
adjudged bankrupts,—the plaintiff's claim was scheduled in the bankruptcy proceedings; the plaintiff participated in the distribution of the bankrupt estate and its dividend, and the defendants were discharged.

2. If the delivery of the note in blank to the plaintiff was a conditonal delivery only with authority to the plaintiff to fill in the blanks and to make use of the note only in the event that the defendants' proposed composition with creditors became effective, then the filling out of the blanks and the attempt to enforce the note is a fraud upon the defendants, since it is averred that the composition never became effective.

In Marquis v. McKay, 216 Pa. 307, suit was brought against the makers of a promissory note. The defendants alleged that the note was given and accepted as a guarantee for the payment of money loaned by the plaintiff to a corporation in which both plaintiff and defendants were alike interested financially; that the makers of the note were to be called upon to pay only in the event that the corporation was unable to pay, and then only for such amount as was not recoverable from the corporation. It was averred that the corporation had assets more than sufficient to answer its liability, and that the plaintiff himself was a debtor to the corporation in an amount exceeding the amount of the note sued upon. The Supreme Court held that the court below discharged a rule taken for judgment for want of a sufficient affidavit of defense, "the court being of opinion that the true result in the case could only be reached by a broad and full inquiry into the facts averred."

In the present case we believe the affidavit of defense filed sets up a good defense, and that it is sufficient to carry the case to a jury, where full inquiry as to the facts averred can be had.

The rule for judgment is discharged.

Plaintiff appealed.

*Error assigned* was the decree of the court.

*F. B. Hall,* and with him *Levi and Mandel,* for appellant.—The affidavit of defense was insufficient: American Baptist Publication Society v. Erb, 44 Leg. Intel., p. 144; Rodgers v. Donovan, 36 Leg. Intel. 156; Heydt v. Frey, 10 Salder, 84 W. N. C. 265; Maftzger v. Buser, 106 Kan. 115, 186 Pac. 997; Central Sav. Bank v. O'Connor, 132 Mich. 578, 102 Am. St. Rep. 433, 94 N. W. 11; Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995.

*Martin Feldman,* for appellee.—The note was not used in accordance with the authority given: Negotiable Instrument Act, see 8 Corpus Juris, page 191; Hartington National Bank v. Wiebelhams, 128 N. W. 659; Manusier v. Wright, 158 Ill. App. (1910); Vander Ploog v. Van Zurck, 135 Iowa 350; Boston Steel Co. v. Stoner, 183 Mass. 140; Rodgers v. Baker, 122 N. Y. Sup. 91; Davidson v. Lanier, 4 Wal. 447 (U. S. Sup. Ct. 1886).

PER CURIAM, February 28, 1925:

This appeal from the refusal of judgment for want of a sufficient affidavit of defense is affirmed on the opinion of the learned court below.

---

# Lydia H. Mitchell *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Automobiles—Trolley cars—Collision with automobile—Case for jury—Verdict for plaintiff.*

In an action to recover damages for injuries sustained in a collision between an automobile and trolley car, the case was for the jury, and a verdict for plaintiff will be sustained where the evidence of the plaintiff was that her machine was struck by a trolley car, which was approximately 260 feet away when she first drove on the tracks of the defendant company, in attempting to extricate her machine from between two parked automobiles.