## Speier v. Michelson.

*Charles A. Wolfe* and *W. W. Montgomery, Jr.*, for plaintiff.
*David Malis*, for defendant.

Kun, J., Oct. 18, 1930.—The plaintiff and the defendant in this case are owners of premises Nos. 4813-15 North Broad Street, in the City of Philadelphia. A mortgage of $15,000 against the premises fell due and payment was demanded by the mortgagee. Defendant was unable to put up his entire one-half portion, and the plaintiff advanced to him the sum of $5000 in cash to enable him to do so, to repay which the defendant, on Jan. 18, 1930, executed his promissory note in the usual form to the order of the plaintiff, payable six months after that date. The note was not paid when it fell due and plaintiff filed this suit thereon.

By the affidavit of defense filed the allegation that on Jan. 18, 1930, defendant for a good and valuable consideration made and delivered the note to the plaintiff admitted. The defense set up is that on Jan. 16, 1930, that is, two days prior to the execution of the note, it was orally agreed between the parties that the note was to be paid out of the proceeds (presumably the defendant's share of the proceeds, although not so stated) received from the sale of the premises Nos. 4813-15 North Broad Street, which had been sold by the parties to one Moore on March 6, 1928, nearly two years before; that by written agreement between the sellers and the purchaser the time for settlement had on Jan. 13, 1930, been extended for a period (apparently a further period) of six months.

The affidavit of defense further sets up that the settlement for the premises was not made at the extended time; that negotiations are in progress for a further extension, although the parties have come to no agreement about it; and, further, that the defendant was not to be called upon to pay the note for $5000 unless the purchaser, Moore, would definitely and finally give written notice to plaintiff and defendant that he would not make settlement for the premises. This is a palpably insufficient defense. Under its averments the note might never fall due, because Moore might never settle and yet might never give written notice that he would not do so; that is, he might abandon

the whole thing, which he probably has, considering the lapse of time since the agreement of sale was made, now going on three years. It may be added parenthetically that it is a matter of common knowledge that there has been a marked depression in the real estate market, so there is little or no likelihood that any purchaser would settle at this time for properties bought at 1928 prices.

However that may be, the affidavit of defense alleges no fraud, accident or mistake in the execution of the promissory note in suit, and could not very well do so, since the note was given by the defendant for the identical amount of cash advanced by the plaintiff to the defendant, to wit, the sum of $5000. It is not even alleged by defendant that he was induced to sign the note under the alleged arrangements referred to, nor could it in reason be so alleged, because it could be more properly said that plaintiff was induced to put up the $5000 cash by defendant agreeing to repay it to him in six months, the evidence of which agreement on his part was his promissory note in suit. Moreover, it could not be very well alleged that it was a contemporaneous inducing agreement, because, under the pleadings, the note in suit was executed on Jan. 18, 1930, which is admitted by the affidavit of defense, whereas the alleged arrangements for the payment of the note, contrary to its terms, was made two days prior thereto, Jan. 16, 1930. On this ground alone the defense could be held to be insufficient: Williams et al. *v.* Notopolos, 259 Pa. 469, in which case it is also stated, page 474: "There was no allegation that anything was left out of the lease by fraud, accident or mistake, and in the absence of such an averment, the terms of a written instrument are not to be varied by setting up a parol agreement, even though it was contemporaneous with the execution of the written document: General Motors Truck Co. *v.* Philadelphia Paving Co., 248 Pa. 499; First National Bank of Shickshinny *v.* Tustin, 246 Pa. 151; Crelier *v.* Mackey, 243 Pa. 363." Under this late expression of the law on the subject, in the absence of any averment of fraud, accident or mistake, the alleged parol agreement could not be allowed to vary the plain terms of the written instrument of liability, in this case a promissory note in the usual form, even were the parol agreement alleged to have been made contemporaneously with the execution of the note: Citizens National Bank *v.* Wisecarver, 300 Pa. 60. The case before the court might be disposed of on what has already been stated. However, because of the frequency with which such defenses as were set up here are interposed, delaying palpably just claims, it is deemed advisable to add some further views of the court on the subject.

From the earliest times in our jurisprudence, equitable principles have been followed in our courts of law. That is, equity has been applied at law. It has been under this influence that alleged oral understandings in connection with writings have been permitted to be shown on the underlying theory that some fraud had been practiced or through accident or mistake the alleged oral agreements had been omitted from the writings, or, as it has been characterized in other cases, the writing was executed under some inducing contemporaneous oral agreement, which is but another way of saying that fraud was practiced. Now, in some of the earlier cases the mere violation of some promise to do something in connection with the matter in the future was held to be a sufficient fraud to permit the alleged oral understandings to be shown. These rulings, no doubt, followed upon the conclusions by the courts that some sort of fraud had in fact been practiced in those cases and it became necessary to use certain expressions of the law to justify the rulings. It became apparent to our appellate courts as our law developed that too wide a latitude

had been allowed in some instances in the application of the parol evidence rule, so that it became necessary to considerably restrict the application of it as indicated by the quotation from Williams *v.* Notopolos, noted above. Some of the older cases cited by the defendant are explainable as coming under our earlier theory of the law on the subject. The most recent case cited by the defendant, Keller *v.* Cohen, 217 Pa. 522, is entirely inapplicable to the case before the court because in that case there was a collateral agreement in writing between the parties, providing for the payment of certain notes out of a particular fund. Manifestly, the parties could so agree in writing, but the maker of a note could not set up such an agreement by parol, in the absence of an averment of fraud, accident or mistake and setting out what the fraud, accident or mistake was. Indeed, in one of the older cases, Homewood People's Bank *v.* Heckert, 207 Pa. 231, in which a somewhat similar defense was attempted, that is, that the note in suit was not to be paid excepting out of the proceeds of the sale of certain buildings and was to be renewed from time to time until sufficient sales were made to pay the notes, it was said (page 232) : "Admit all the facts set out in the affidavit, they only amount to proof of an oral agreement flatly contradicting the written instrument. Fraud, accident or mistake could not be averred on such an agreement, in the face of the absolute written agreement to pay a fixed sum on a day certain. At the very most, it amounts only to a parol promise of further time indulgence to the debtor by the creditor. As said by Sharswood, J., in Heist *v.* Hart, 73 Pa. 286, 'such parol agreement though made at the time is inadmissible in evidence to vary the effect of the written contract.' "

There has unquestionably been a decided tendency in the more recent cases to uphold to a greater extent the dignity and integrity of written contracts, and it is more marked where the integrity of such a frequently used instrument as a promissory note is involved. Of course, fraud can always be shown to vitiate a contract, but it must be fraud in connection with the very execution of the writing.

As stated in the late case of United States National Bank *v.* Evans, 296 Pa. 541, 550: "A breach of faith, or of an agreement, regarding the doing or refraining from doing something in the future is no fraud of the kind that will admit of parol testimony to vary its terms, and it is no defense that the defendants signed their names to the obligation for the unconditional payment of money with the understanding that there will in no event be any liability on their part to pay: Fidelity T. & T. Co. *v.* Garland, 291 Pa. 297. Thus, a promise that the note should be paid from dividends which might accrue is no defense (Fuller *v.* Law, 207 Pa. 101), or from the proceeds of buildings which were to be erected: Homewood People's Bank *v.* Heckert, 207 Pa. 231."

While the defendant endeavored to bring his case within the authorities which permit under some circumstances proof of oral contemporaneous agreement providing for payment of the note from a certain fund, he failed because the affidavit does not aver such fund existed or was to be created by means over which the promisor had control, in which situation the fund existing or so raised would first have to be exhausted: Second National Bank *v.* Yeager, 268 Pa. 167. It may be added that in such a restricted situation there would have to be quite specific averments as to the existence of the fund or as to when and how the fund was to be raised and the means that the promisor had for raising them.

It is doubtful whether the defense set up by the defendant would have been sufficient even under the earlier cases, certainly not under Homewood Peoples

Bank *v.* Heckert, *supra.* It is clear to the court that it is insufficient under the law on the subject as it has been laid down for us by the more recent cases, some of which have been cited, and of which the following additional ones may be noted: Evans *v.* Edelstein, 276 Pa. 516; First National Bank *v.* Baer, 277 Pa. 184; Gianni *v.* Russell & Co., 281 Pa. 320; First National Bank of Hooversville *v.* Sagerson, 283 Pa. 406; Fidelity T. & T. Co. *v.* Garland, 291 Pa. 297.

The rule for judgment for insufficient affidavit of defense was properly made absolute.