Architectural Tile Co. *v.* McSorley, Appellant.

Argued March 29, 1933. Before Frazer, C. J., Simp-son, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Charles A. Woods, Jr.,* with him *Dickie, Robinson & McCamey,* for appellants.

*David Roth* and *Frank R. S. Kaplan,* for appellee, were not heard.

PER CURIAM, May 1, 1933:

Defendant appeals from judgment entered for want of a sufficient affidavit of defense. The action was assumpsit to recover the amount of three trade acceptances drawn by plaintiff to its own order upon defendant and accepted by him. The affidavit of defense admits all averments of the statement of claim and sets up as a defense an oral agreement, alleged to have been made at the time the instruments in question were executed, to the effect that payment would not be demanded until the buildings for which the materials were furnished had been "adequately financed by mortgage or otherwise." Defendant also alleges he accepted the instruments to enable plaintiff to use them as evidence of the indebtedness with a bank or banks, but that if, at maturity, defendant was unable to pay the same, they would be lifted by plaintiff, or if defendant was able to pay any amount on account of the trade acceptances at maturity, such an amount would be accepted by plaintiff and new obligations taken for the balance.

The lower court properly held the defense amounts not merely to an alteration of the instruments sued upon but to a contradiction and nullification of the same. As we said in Homewood Peoples Bank v. Heckert, 207 Pa. 231, 232: "Admit all the facts set out in the affidavit, they only amount to proof of an oral agreement flatly contradicting the written instrument. Fraud, accident or mistake could not be averred on such an agreement, in the face of the absolute written agreement to

pay a fixed sum on a day certain. At the very most it amounts only to a parol promise of further time indulgence to the debtor by the creditor. As said by SHARS-WOOD, J., in Heist v. Hart, 73 Pa. 286, 'such parol agreement though made at the time is inadmissible in evidence to vary the effect of the written contract.' "

The able young counsel for appellant ingeniously argues that upon a rule for judgment for want of a sufficient affidavit of defense, plaintiff necessarily admits all the averments of the affidavit of defense and, consequently, since it is here admitted that there was an oral agreement relating to payment of the instruments, the trade acceptances did not represent the entire contract between the parties, and evidence of the parol agreement is admissible to vary the effect of the written. However, defendant's assertion that the trade acceptances did not represent the entire agreement of the parties is his own conclusion from the pleadings and not an admission of the plaintiff. The effect of plaintiff's rule for judgment is not to admit a conclusion of law but merely to assert that the facts set forth in the affidavit of defense, even though true, would not be admissible under the parol evidence rule. We have repeatedly stated that a strict compliance with the rule excluding evidence of this character is necessary to uphold the integrity of written instruments. It cannot be circumvented in the manner here contended, else the whole purpose of the rule would be defeated. The cases relied upon by appellant are not in point, for in all of them the facts showed that plaintiff admitted the instrument sued upon did not represent the entire contract between the parties; we find no such admission here. This case, in our opinion, is ruled by Speir v. Michelson, 303 Pa. 66; Second Nat. Bank v. Yeager, 268 Pa. 167, and numerous other cases decided on the principle enunciated therein.

The judgment of the court below is affirmed.