M. W. ZACK COMPANY, a Michigan
Corporation, Appellant,

v.

R. D. WERNER CO., Inc., a Pennsylvania
Corporation, Appellee.

No. 12267.

United States Court of Appeals
Sixth Circuit.

May 24, 1955.

Morris Garvett and Charles L. Levin, Detroit, Mich., Earlmont H. Dill, Levin, Levin, Garvett & Dill, Detroit, Mich., of counsel, for appellant.

Edward T. Goodrich, Detroit, Mich., Voorhies, Dilley, Keck & Rowley, Greeneville, Pa., Hill, Lewis, Andrews, Granse & Adams, Detroit, Mich., on brief, for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

The appellee, R. D. Werner Co., Inc., a Pennsylvania corporation, brought an action against the appellant, M. W. Zack Metal Company, a Michigan corporation, for damages for breach of a contract in writing, dated August 1, 1950, whereby appellant sold to appellee 650,000 pounds of aluminum ingot at a specified price for delivery in August and September of 1950. Simultaneously with the execution of the contract, the purchaser paid the seller $19,500 as a deposit of three cents a pound, as provided in the contract. Appellant guaranteed delivery of the quantity and the quality of material specified.

On August 30, 1950, the purchaser issued a change order, modifying the shipping instructions contained in the contract. On September 8, 1950, the seller, in compliance with the modified shipping instructions, shipped to the purchaser, on account of the contract, 145,116 pounds of aluminum ingot for which it was paid by the purchaser the price specified in the contract. On September 25, 1950, appellant tried to terminate the contract to deliver the remaining 504,884 pounds of aluminum ingot. Appellee repeatedly demanded performance of the contract. On December 26, 1950, appellant offered to complete delivery of the remainder of the ingot under the contract during the month of January, 1951; and appellee agreed to accept such delivery. However, appellant failed to deliver the remaining 504,884 pounds, or any part thereof, which it had agreed to deliver under the contract of August 1, 1950, as amended on December 26, 1950.

Upon breach of the contract by appellant, the appellee purchased the undelivered aluminum ingot on the available market at a price of thirty-three cents a pound and instituted suit against appellant for breach of the contract.

Appellant filed an answer denying that it had breached its contract with appellee, and the case went to trial to a jury on the issues joined. Upon conclusion of the evidence in the case, the district judge directed the jury to return a verdict in favor of the appellee in the sum of $70,907.87. There was duly entered judgment for such amount, from which the Michigan corporation has appealed.

Concededly, the law of Pennsylvania, where the contract was made, furnishes the controlling law with respect to interpretation of the contract. In diversity of citizenship cases, the rules pertaining to conflict of laws which prevail in the forum where the federal court sits are applicable. Klaxon Co. v. Stentor Electric Manufacturing Com-

pany, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The Michigan Supreme Court has held that the validity and construction of a contract are to be determined by the law of the place where the contract was made. Millar v. Hilton, 189 Mich. 635, 155 N.W. 574.

Appellant insists that, under Pennsylvania law, it should have been permitted to offer proof that a purchase order in writing for the sale of the aluminum ingot never became effective as a contract, for the reason that it was executed and delivered upon a condition which never occurred. We think the point is not well taken. The excluded offer of proof, which was really an offer to reintroduce testimony the court had already heard in a separate proceeding, would not in our opinion have established that the contract was conditional. In Myers v. Gibson, 304 Pa. 249, 155 A. 563, the State Supreme Court held that where a written contract plainly states an unconditional and unequivocal promise to pay, such promise is not to be nullified by evidence of an oral contemporaneous agreement, without more, that there should be no personal liability upon the obligor, especially where it appears that a part of the purchase money was paid in cash at the time of the execution of the contract.

Again, in Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 126 A. 791, it was held that where parties, without any fraud or mistake, have deliberately put their engagements in writing, such writing is, not only the best, but the only evidence of the agreement; and that all preliminary negotiations, conversations and oral agreements are superseded by the subsequent written contract, the terms of which cannot be added to or subtracted from by parol evidence. See to same effect: T. W. Phillips Gas & Oil Co. v. Kline, 368 Pa. 516, 519, 84 A.2d 301; Speier v. Michelson, 303 Pa. 66, 72, 154 A. 127, and the following opinions of the Superior Court of Pennsylvania: McMinn v. Mammone, 169 Pa.Super. 1, 82 A.2d 70; Collins v. Horn, 124 Pa. Super. 115, 188 A. 87, and Yorkshire Worsted Mills v. Braman, 115 Pa.Super. 333, 175 A. 726.

The next question for decision is whether the district court correctly held, in the circumstances, that the measure of appellee's damages for the non-delivery of the aluminum ingot was the difference between the contract price and the available market price on February 1, 1951. The ruling of the district judge upon that phase of the case was, in our judgment, correct. We think his ruling was in conformity with the Pennsylvania doctrine declared in York Metal & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585, 589, 590, 124 A. 752, 754, which held that the plaintiff's damages in that case were to be determined as of the date of the expiration of a second agreement. The court said: "Parties may at any time rescind their previous understanding and substitute another therefor where some consideration appears, and the new contract will take the place of that formerly entered into. [Citing cases.] And an agreement to an extension of time for performance by one is enough to support the supplemental understanding. McNish v. Reynolds, Lamberton & Co., 95 Pa. 483."

After the seller here was in default, the buyer continued to demand performance of the contract, with the result that in the latter part of December, 1950, the seller's written offer to perform the contract during January of 1951 was accepted unequivocally by the buyer. But the seller again defaulted in failing to make delivery within the specified month; whereupon, the buyer, not being able to purchase an equivalent amount of aluminum ingot from the primary producers, who virtually controlled the market, was forced to purchase on the open market from a dealer in aluminum the deficiency of aluminum ingot in the quantity delivered to it by appellant under its contract, at a price materially higher than the contract price, namely at thirty-three cents per pound, which was the lowest price at which the ingot could be obtained at that time by appellee. This statement is, we think, supported by the

testimony of the witness Werner, as well as by that of another witness, Young.

We are not impressed with the somewhat abstruse argument of appellant to the effect that the "accord" not having been executed neither party was bound thereby. The argument is strained, hypertechnical and inapposite to the situation encountered here. The opinion of this court in Kalamazoo Ice & Fuel Co. v. Gerber, 6 Cir., 4 F.2d 235, seems sufficient authority for rejection of appellant's argument.

Upon the entire evidence in the case, no jury issue was presented; and the district court awarded the proper amount of damages to which appellee was shown to be entitled under the indisputable evidence.

The judgment is affirmed.